UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE HYATT WASHINGTON,<br><br>        Petitioner,<br><br>   v.<br><br>G.D. LEWIS,[1]<br><br>        Respondent. | No.  2:14-cv-835-JAM-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition as untimely. ECF No. 13.  Petitioner filed an opposition, ECF No. 16, and respondent filed a reply, ECF No. 17.  For the reasons that follow, it is recommended that respondent's motion be granted.

**BACKGROUND**

On June 4, 2010, a jury convicted petitioner of assault with a deadly weapon.  ECF No. 14, Notice of Lodging Document in Paper ("Lodg. Doc.") 1 (Abstract of Judgment from Sacramento County Superior Court).  Petitioner appealed and the California Court of Appeal,

---

[1] Petitioner named W.J. Sullivan as respondent. ECF No. 1.  The court substitutes the correct respondent, the Warden of the California City Correctional Facility, where petitioner is presently incarcerated. *See Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Rules Governing Section 2254 Cases) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition"); *see also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).

Third Appellate District ("Court of Appeal") affirmed the judgment on November 16, 2011. Lodg. Doc. 2. On December 20, 2011, petitioner filed a petition for review in the California Supreme Court, which denied the petition on February 15, 2012. Lodg. Docs. 3-4.

Petitioner subsequently filed three state habeas corpus petitions. He filed the first in the Sacramento County Superior Court on February 7, 2013.[2] Lodg. Doc. 5. The Superior Court denied that petition on March 27, 2013. Lodg. Doc. 6. Petitioner filed the second state habeas petition in the Court of Appeal on May 7, 2013. Lodg. Doc. 7. The Court of Appeal denied that petition on May 23, 2013. Lodg. Doc. 8. Petitioner filed his third state habeas petition in the California Supreme Court on July 1, 2013.[3] Lodg. Doc. 9. The California Supreme Court denied that petition on October 16, 2013. Lodg. Doc. 10.

Petitioner filed the pending federal habeas petition on February 25, 2014. ECF No. 1.[4]

## THE LIMITATIONS PERIOD

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases

---

[2] The court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[3] Respondent suggests that petitioner filed the third state habeas petition on July 20, 2013. See ECF No. 13 at 2. The certificate of service for that petition, however, is dated July 1, 2013. *See* Lodg. Doc. 9.

[4] Respondent notes that although petitioner dated the proof of service attached to the federal petition February 25, 2014, the petition was not filed with the court until April 3, 2014. *See* ECF No. 13 at 2 n.3. Respondent doubts the accuracy of the date on the proof of service "because most prison mail takes approximately one week to reach the Court," but nonetheless "give[s] Petitioner the benefit of the mailbox rule for the filing because it does not change the outcome." *Id.* Finding no reason to disturb respondent's concession and no change in outcome, the court employs the date reflected on the certificate of service, February 25, 2014.

on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

## Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and the filing of a new petition in a higher court if the second petition was filed within a "reasonable time" after the denial of the first. *Carey v. Saffold*, 536 U.S. 214, 221 (2002); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding that delays of ninety-one days and eighty-one days are "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," and are, without adequate explanation, unreasonable under California law). A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired, *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

## Equitable Tolling and the Equitable Exception for Innocence

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Smith v. Duncan*, 297 F.3d at 814; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule."

3

1   *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness.  *Id*.

In addition, the statute of limitations is subject to an actual innocence exception.[5]  A petitioner may have his untimely filed case heard on the merits if he can persuade the district court that it is more likely than not that no reasonable juror would have convicted him.  *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1933 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).  "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."  *McQuiggin*, 133 S. Ct. at 1935.  For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence.  *Id.*

## ANALYSIS

The California Supreme Court denied petitioner's request for review on February 15, 2012.  Lodg. Doc. 4.  The conviction became "final" within the meaning of § 2244(d)(1)(A) ninety days later (i.e., on May 15, 2012), when the time for filing a petition for a writ of certiorari from the United States Supreme Court expired.  Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The one-year limitations period commenced the following day, May 16, 2012.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner therefore had until May 16, 2013 to file his federal habeas petition.  Because petitioner did not file his federal petition until February 25, 2014, it is, absent tolling, barred under AEDPA's statute of limitations.

/////
/////
/////
/////

---

[5] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

## Statutory Tolling

Petitioner properly filed his first state habeas petition in the Sacramento County Superior Court on February 7, 2013.[6] Lodg. Doc. 5. Because he filed that petition prior to the expiration of the limitations period on May 16, 2013, petitioner tolled the limitations period for the entire time that the application was "pending." 28 U.S.C. § 2244(d)(2). The Superior Court denied petitioner's first state habeas petition on February 7, 2013, and petitioner filed his second state habeas petition forty-two days later on May, 7, 2013. The Court of Appeal denied that second petition on May 23, 2013, and petitioner filed his third state habeas petition forty days later on July 1, 2013. Because petitioner filed his second and third state habeas petitions within a reasonable time of the prior denials, *see Velasquez*, 639 F.3d at 968, petitioner's application was "pending" from the date he filed his first state petition (February 7, 2013) to the date the California Supreme Court denied his third state habeas petition (October 16, 2013). As respondent concedes, petitioner tolled the limitations period under § 2244(d)(2) for those 252 days, and petitioner therefore had until January 22, 2014 to file his federal petition. ECF No. 13 at 4. Because petitioner did not file his federal petition until February 25, 2014, it is, absent equitable tolling, barred under AEDPA's statute of limitations.

## Equitable Tolling

In his opposition to respondent's motion to dismiss, petitioner explains that he did not timely file his federal petition because (1) he had to first exhaust his state law remedies, (2) he had "no formal legal training and no attorney," and (3) he had limited access to law libraries as a result of lockdowns and three prison transfers during the limitations periods. ECF No. 16 at 1-2. In support of his claim that he had limited access to law libraries, plaintiff contends that he was transferred from High Desert State Prison ("HDSP") (where he first started serving his sentence) to Folsom State Prison ("FSP") in July 2012, from FSP back to HDSP on July 15, 2013, and from HDSP to California City Correctional Facility ("CCCF") on January 21, 2014. *Id.* at 1. At HDSP, he had access to the law library "[a]n average of one and a half hours per week." *Id.* But

---

[6] Respondent "does not argue that the first through third state petitions were improperly filed." ECF No. 13 at 4.

5

1 he allegedly lost access to the law library at both HDSP and at CCCF during lockdowns
2 throughout the limitations period. *Id.* Additionally, petitioner claims that he was automatically
3 enrolled in a vocational class at CCCF that "conflicted with the law library schedule." *Id.*
4 Moreover, not only did petitioner not receive his property—including his "legal work"—until two
5 weeks after his transfer to CCCF, he did not gain access to the law library for another three weeks
6 after that. *Id.* at 1-2. As explained below, none of petitioner's explanations warrant equitable
7 tolling.

### 1. Exhaustion of State Court Remedies

Petitioner is correct that he had to exhaust his state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). But as explained above, he successfully tolled the limitations period under AEDPA for the 252 days that his application was pending in the state courts. Even if petitioner could also establish that he is entitled to equitable tolling for the period that his application was pending in the state courts, it would make no difference; the limitations period was already tolled under AEDPA for those 252 days. *See, e.g., Neri v. Nooth*, No. 3:10-cv-00731-MA, 2012 WL 2469671, at *3 (D. Or. June 27, 2012) (explaining that "the AEDPA clock was not running" while the petitioner's state applications were pending and that petitioner "is not entitled to equitable tolling for the same period").

### 2. Formal Legal Training and Habeas Counsel

Petitioner suggests he is entitled to equitable tolling because he has "no formal legal training and no attorney." ECF No. 16 at 1. Petitioner fails to recognize that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, petitioner fails to appreciate that prisoners do not have a right to counsel in habeas proceedings. *Miranda v. Castro*, 292 F.3d at 1067-68. Thus, equitable tolling is not warranted on the grounds that petitioner did not have any formal legal training or counsel assisting with his petitions.

/////
/////

### 3. Limited Access to Law Libraries

As noted above, a petitioner seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649; *Miranda v. Castro*, 292 F.3d at 1065. Because petitioner has not shown that he was pursuing his rights diligently, equitable tolling is not warranted.

#### a. Diligence

Petitioner filed his first state habeas petition on February 7, 2013—nearly one year after the California Supreme Court denied his petition for review and nearly nine months after his conviction became final. According to petitioner, he was at FSP and had access to its "very good law facility" from July 2012 until July 15, 2013; he does not allege that there were lockdowns that limited his access during that time. ECF No. 16 at 1. Thus, approximately seven months passed between petitioner's transfer to FSP and the filing of his first state habeas petition.

Moreover, more than four months passed between the California Supreme Court's denial of petitioner's third state habeas petition on October 16, 2013 and his filing of the federal petition on February 25, 2014. *Cf. Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (explaining that a "brief interval" between state court exhaustion and federal filing is "normally 30 days") (cited with approval in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)). While petitioner may have been diligent in pursuing his state court remedies after filing his first state habeas petition, he did not file that first petition until nearly nine months after his conviction became final (despite having access to FSP's "very good law facility" for seven of those months). Moreover, he did not file his federal petition until more than four months after completing state court exhaustion. Petitioner has not satisfied his burden of demonstrating that he has been pursuing his rights diligently. Equitable tolling is therefore not warranted.

#### b. Extraordinary Circumstances

Further, accepting as true petitioner's claims that he was transferred to CCCF on January 21, 2014 (i.e., the day before the limitations period expired), that he did not receive his legal paperwork until two weeks after his arrival at CCCF, and that he did not gain access to the law library until five weeks after his arrival, petitioner has failed to establish extraordinary

circumstances preventing the timely filing of his federal petition.  First, as respondent suggests, petitioner's transfers and purportedly limited access to law libraries were "'ordinary prison limitations . . . [that] were neither "extraordinary" nor made it "impossible" for him to file his petition in a timely manner.'"  ECF No. 17 at 6 (quoting *Ramirez v. Yates*, 571 F.3d 998 (9th Cir. 2009) and citing *Nelson v. Sisto*, No. C-11-0313 EMC, 2012 WL 465443, at *6 (N.D. Cal. Feb. 13, 2012) and *Atkins v. Harris*, No. C 9803188 MJJ, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999)).  *But see Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013) (suggesting that limited library access at the end of the expiration period might amount to an extraordinary circumstance warranting equitable tolling, at least where the petitioner files a request for an emergency extension of five days with the district court upon realizing that he would not file his federal petition before the expiration of the limitations period).  Second, as noted above, the Supreme Court has suggested that a petitioner should be able to file a federal habeas petition within a brief interval, normally thirty days, after completing state court exhaustion.  *Rhines*, 544 U.S. at 277-78 (citing *Zarvela*, 254 F.3d at 381).  Here, more than three months passed between petitioner's exhaustion of his state court remedies (October 16, 2013) and his transfer to CCCF on January 21, 2014.  Petitioner offers no explanation as to why he did not file his federal petition—even if just a basic form habeas petition to satisfy the AEDPA deadline—during the three months before his transfer to CCCF.  *See Waldron-Ramsey*, 556 F.3d at 1014 ("If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline . . . ."); *see also Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (finding that a petitioner "is not entitled to equitable tolling on the ground that he did not have his legal files [when] the record shows that he was aware of the factual basis of his claims without them.").  Thus, petitioner has not established either diligent pursuit of his rights nor extraordinary circumstances preventing the timely filing of his federal petition; equitable tolling is therefore not warranted.

**Actual Innocence**

Petitioner "[r]espectfully request[s] that respond[e]nt[']s motion to dismiss not be granted due to actual innocence on part of the petitioner and the miscarriage of justice that would ensure [sic] if the court were to grant respond[e]nt[']s motion to dismiss." ECF No. 16 at 1.  That single

1  sentence is petitioner's actual innocence claim in its entirety; he does not support his claim with
2  any proffer of evidence or even theory.  Under *Schlup*, a petitioner may overcome a procedural
3  default by (1) presenting "reliable evidence [of his innocence]-whether it be exculpatory scientific
4  evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at
5  trial," 513 U.S. at 324; and (2) showing that, in light of the new evidence, "no reasonable juror
6  would have convicted him." *id*. at 327.  The Supreme Court has explicitly stated that "a petitioner
7  does not meet the threshold requirement unless he persuades the district court that, in light of the
8  new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a
9  reasonable doubt." *Id*. at 329.  Because petitioner has not provided any new evidence, much less
10 reliable evidence demonstrating his innocence, he has failed to meet the heavy burden of showing
11 that it is more likely than not that no reasonable juror would have convicted him of assault with a
12 deadly weapon.  A determination on the merits of his petition pursuant to the actual innocence
13 exception is therefore unwarranted.

## RECOMMENDATION

For the reasons stated above, it is hereby RECOMMENDED that:

1. Respondent's June 12, 2014 motion to dismiss (ECF No. 13) be granted;
2. This action be dismissed with prejudice as barred by the limitations period contained in 28 U.S.C. § 2244(d)(1)(A)-(D); and
3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2255

Proceedings (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 24, 2014.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE